692 S.E.2d 905

**In the Matter of CHARLESTON COUNTY MAGISTRATE
Mary Brown HOLMES, Respondent.**

No. 26810.

Supreme Court of South Carolina.

Submitted March 30, 2010.

Decided April 26, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, Office of Disciplinary Counsel.

Mary Brown Holmes, of Ravenel, pro se.

PER CURIAM.

In this judicial disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a public reprimand. The facts as set forth in the agreement are as follows.

## FACTS

A defendant who was charged with simple assault failed to appear for her trial before respondent. Respondent found the defendant guilty in her absence without any witness being present to offer any testimony under oath. Instead, respondent found the defendant guilty based upon the officer's written statements and witness forms.

The defendant was sent a letter which stated she had been found guilty in her absence and fined $1,092.00 to be paid within fifteen days or she would be required to serve thirty days in jail. Respondent submits she found the defendant guilty and sent the letter "to get the defendant's attention" and find out why she had not appeared at trial. Respondent explains that she intended to set the conviction aside once she heard from the defendant.

The defendant contacted respondent and explained that she did not appear for trial because she believed the county attorney was going to dismiss the case. Respondent set aside the conviction and ordered a new court date.

Respondent regrets her error. She now recognizes that she erred in finding the defendant guilty in absentia and that she should not have proceeded to trial without either party being present.

## LAW

By her misconduct, respondent has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 3B(2) (judge shall be faithful to the law and maintain

professional competence in it) and Canon 3B(8) (judge shall dispose of all judicial matters promptly, efficiently and fairly). By violating the Code of Judicial Conduct, respondent has also violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR (it shall be ground for discipline for judge to violate the Code of Judicial Conduct).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and issue a public reprimand. Accordingly, respondent is hereby reprimanded for her misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.